**UNITED STATES of America, Plaintiff/Respondent,**

v.

**David LIEN, Defendant/Petitioner.**

**No. 93 CR. 1017(LLS).**

United States District Court, S.D. New York.

Jan. 7, 2002.

Deirdre A. McEvoy, of counsel, U.S. Atty., Southern Dist. of New York, New York City, for Plaintiff/Respondent.

Marcia G. Shein, Decatur, GA, Steve Orlikoff, New York City, for Defendant/Petitioner.

**MEMORANDUM and ORDER**

STANTON, District Judge.

Petitioner David Lien moves, purportedly pursuant to Fed.R.Civ.P. 60(b), for relief from his conviction upon his plea of guilty to violation of 18 U.S.C. § 924(c). He claims that the conviction was unconstitutional, that the court lacked jurisdiction, and that he is factually innocent. Since Mr. Lien is in custody and serving his sentence, his application is properly one under 28 U.S.C. § 2255, which provides that such a person

... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

### 1. The Application Is Untimely

Mr. Lien pleaded guilty on December 28, 1994. He was sentenced on June 22, 1995. He did not appeal. His conviction became final on or about September 22, 1995, when his time to file a petition for a writ of certiorari expired. His time to apply for a writ of habeas corpus expired on April 24, 1997, one year after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244 ("AEDPA"). Thus, his motion, filed in December 2001, is over four years late.

Even if regarded as a motion under Fed.R.Civ.P. 60(b), it is too late. Under established law, a movant under the rule must show extraordinary or exceptional circumstances justifying such relief. Mr. Lien points to alleged constitutional and jurisdictional defects in his indictment, and the United States Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), held to be retroactive in *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), as exceptional circumstances justifying his application and his delay in making it.

As explained below, there was no constitutional defect in his conviction or sentence, and the *Bailey* decision does not absolve him of factual guilt. In any event, *Bousley* was decided over three years before his present application, which is thus unreasonably late under Rule 60(b) as well as untimely under AEDPA.

### 2. The Indictment Was Sufficient

Mr. Lien's assertions that his prosecution was unconstitutional and that the court lacked jurisdiction both rest upon his argument that the indictment did not charge him with aiding and abetting the violation of 18 U.S.C. § 924(c), and thus he was not given the constitutionally required due notice of the charge against him, and the indictment was jurisdictionally defective to sustain his conviction for aiding and abetting the carrying and use of a firearm during an armed robbery by his codefendants. (Mr. Lien himself did not carry or use the firearm during the robbery; his codefendants did and, according to plan, used the pistols to kill and wound persons in the car containing the bag of money, so they could steal it. He helped in the planning, and drove the getaway car.)

■ In fact, the indictment did charge him with aiding and abetting the carrying and use of a firearm. Count 17, to which he pleaded guilty, cited both 18 U.S.C. § 924(c) (which forbids using or carrying a firearm in connection with a crime of violence) and section 2 of that Title as the statutory provisions violated. Section 2 provides that whoever commits a federal offense, or "aids, abets ... or procures its commission, is punishable as a principal." Thus, the indictment charged him with aiding and abetting the violation of § 924(c) which forbids use of the firearm.

Furthermore, both Mr. Lien and his lawyer understood that the charge was aiding and abetting. At his plea allocution Mr. Lien's counsel referred to "Count 17, which charges the defendant with aiding and abetting the using and carrying of a firearm during and in relation to a crime of violence, to wit, the robbery of the specific

people" (Plea Minutes, December 28, 1994, at 17). Mr. Lien himself described his guilt of the acts charged in Count 17 as follows (Plea Minutes, at 26):

THE COURT: What did you do?

THE DEFENDANT: OK. In or about April 1991 I participated in a robbery of Kamran Keypour Faraj—this last name is hard to pronounce—Hezghia, Arik Francis and Anna Chang. At this time I aided and abetted Christopher Augustin in using and carrying a firearm during these acts by driving him in a car.

THE COURT: Did you know that he was carrying a loaded firearm?

THE DEFENDANT: Yes. He had a loaded firearm.

Accordingly Mr. Lien correctly understood that the indictment charged him with aiding and abetting, and his argument that his prosecution was unconstitutional, for want of notice and because the court lacked jurisdiction to sentence him on that count, is baseless.

3. Mr. Lien Was Factually Guilty

Mr. Lien claims that under *Bailey* he is factually innocent of the carrying or use of a firearm, since he did not personally handle one during the armed robbery. However, as explained in *United States v. Giraldo*, 80 F.3d 667, 676 (2nd Cir.1996), a defendant may be found liable for a gun carried or used by a codefendant either under *Pinkerton v. United States*, 328 U.S. 640, 646–48, 66 S.Ct. 1180, 1183–84, 90 L.Ed. 1489 (1946) (if in furtherance of the conspiracy and a reasonably foreseeable consequence of the conspiratorial agreement) or as an aider and abettor if there is proof that the defendant "performed some act that directly facilitated or encouraged the use or carrying of a firearm," *quoting United States v. Medina*, 32 F.3d 40, 45 (2nd Cir.1994).

■ Under either theory, Mr. Lien is guilty.

The government represented, and the defendant agreed (Plea Minutes, at 29) that:

With respect to the charge in Count 17, individuals who also participated with Mr. Lien in that robbery would indicate that they agreed with Mr. Lien to rob the victims identified in the count, Kamran Keypour and others, and that Mr. Lien's role in that robbery was to drive the getaway car, and that the robbery indeed took place, that firearms were carried and discharged, that one person died, and two others were wounded, and that Mr. Lien then did indeed drive the getaway car and shared in the proceeds of the robbery.

THE COURT: They would testify to that because of the fact that they have agreed to enter pleas of guilty or have in fact entered pleas of guilty to the various charges?

MS. GLAZER: That's right, your Honor.

THE COURT: Mr. Lien, do you agree with the prosecutor's, Ms. Glazer's, summary of what you did?

THE DEFENDANT: Yes.

As shown by the presentence report in this case and the trial record in *United States v. Sunday Francisco*, 93 Cr. 1017(LLS) (involving the same armed robbery) Mr. Lien attended meetings at which the necessary shooting during the armed robbery was premeditated, with angles of fire practiced so the conspirators would not hit each other. The shootings comprised indispensable separate crimes (although committed during the armed robbery) which Mr. Lien and the others intended and committed in order to gain access to the bag of money. They could not have gained such access without using

the weapons against the occupants of the car. Mr. Lien conspired and assisted in both the shootings and the robbery by planning them both and by providing a means of escape after their commission; and he drove Chris Augustin, one of the shooters, from the crime scene to the place where he shared in dividing the loot. Accordingly, he is factually guilty of aiding and abetting the crime of carrying and using the firearms as well as the separate crime of robbery.

### Conclusion

The application is out of time and lacks any merit. It is denied. Leave to appeal is granted.

So ordered.